Mark E. Chadwick (#014991)
**MUNGER CHADWICK, P.L.C.**
333 North Wilmot, Suite 300
Tucson, Arizona 85711
Telephone:  (520) 721-1900
Facsimile:   (520) 747-1550
mechadwick@mungerchadwick.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY NOEL,<br><br>                Plaintiff,<br><br>     vs.<br><br>CRANE MEDICAL TRANSPORTATION CO., LLC,<br><br>                Defendant. | NO.<br><br>COMPLAINT<br><br>(Fair Labor Standards Act; Wrongful Discharge) |

Plaintiff, ANTHONY NOEL, for his Complaint, alleges:

**THE PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff, ANTHONY NOEL ("Noel") is an individual who resides in Pima County, Arizona.

2.     Defendant, CRANE MEDICAL TRANSPORTATION CO., LLC ("CRANE TRANSPORT") is an Arizona limited liability company providing transportation services for profit in Pima County, Arizona.

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C §206, 29 U.S.C §207, 29 U.S.C. § 215, and/or 29 U.S.C §216, and supplemental jurisdiction under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the parties herein and venue in this Court is proper pursuant to 28 U.S.C.A. § 1391(b).

5. Noel demands a jury trial on all contested issues of fact to which a jury trial right attaches.

## GENERAL ALLEGATIONS

6. Noel incorporates the foregoing allegations as though said allegations were fully set forth herein.

7. On or about November 5, 2015, Noel entered into an employment agreement with CRANE TRANSPORT under which Noel was to be paid on an hourly basis for transportation related services, including but not limited to services under a federal contract with the Veteran's Administration ("Contract").

8. CRANE TRANSPORT wrongfully discharged Noel on or about December 25, 2015, for filing a complaint with his superior that concerned, referred, or related to, his rights for compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

## COUNT ONE
## FAIR LABOR STANDARDS ACT
### (29 U.S.C. §201 *et seq*.)

9. Noel incorporates the foregoing allegations as though those allegations were fully set forth herein.

10. CRANE TRANSPORT is an "employer" under 29 U.S.C. § 203(d) of the FLSA, and is subject to the provisions thereof.

11. CRANE TRANSPORT violated the FLSA in multiple respects, including but not limited to the following:

   a. CRANE TRANSPORT did not pay Noel for all of his work time as required under 29 U.S.C. § 201 *et. seq*. and applicable federal regulations, including but not limited to 29 C.F.R. §§ 785.11 – 785.17;

   b. CRANE TRANSORT did not pay Noel for all of the overtime pay he should have been paid under 29 U.S.C. § 207 and applicable regulations, including but not limited to 29 C.F.R. §§ 785.11 – 785.17;

   c. CRANE TRANSPORT did not pay Noel for all preparatory time performed, which was mandated by the employer and integral to the job, in violation of the FLSA and 29 C.F.R. §§ 785.24-785.25;

    d. CRANE TRANSPORT did not pay for all of the work time suffered by Noel in violation of the FLSA and 29 U.S.C. §§ 785.11 – 785.17;

    e. CRANE TRANSPORT arbitrarily reduced actual work time for which Noel should have been paid under the FLSA and A.R.S. §23-355, based on its subjective determinations about how long particular tasks should have taken;

    f. CRANE TRANSPORT altered Noel's time records and/or failed to keep accurate time records of Noel's time at work in violation of 29 U.S.C. § 211 and/or Arizona law; and/or

    g. CRANE TRANSPORT failed to pay in a timely manner all amounts due under the Contract in violation of the FLSA and A.R.S. § 25-355.

12.     Pursuant to 29 U.S.C. § 216(b), Noel is entitled to recover as damages, his wages for all work time that was not fully compensated as required by the FLSA and applicable regulations.

13.     Pursuant to 29 U.S.C. § 216(b), Noel is entitled to recover liquidated damages in the amount of double the amounts that were required to be paid under the FLSA.

14.     Noel is entitled to recover his attorney's fees and costs under 29 U.S.C. § 216(b).

WHEREFORE, Noel demands judgment as prayed for herein.

## COUNT TWO
## WRONGFUL, RETALIATORY TERMINATION
**(29 U.S.C. § 215 *et. seq.*)**

15. Noel incorporates the foregoing allegations as though fully set forth herein.

16. On or about December 25, 2015, Noel lodged a complaint with his supervisor concerning CRANE TRANSPORT's illegal wage practices concerning (i) non-payment for wages earned while on duty; (ii) the company's practice of requiring Noel and other employees to clock out while on duty; and (iii) CRANE TRANSPORT's failure to pay for actual time worked through its arbitrary alterations of Noel's time records; and/or (iv) improperly deducting mileage expenses from Noel's paycheck.

17. Noel's complaint identified CRANE TRANSPORT'S conduct that violated and/or related to violations of the FLSA, as outlined above.

18. On or about December 25, 2015, CRANE TRANSPORT discharged Noel because he submitted a complaint to CRANE TRANSPORT about its practices that violated the FLSA.

19. CRANE TRANSPORT'S termination of Noel constitutes a retaliatory discharge in violation of the FLSA, 29 U.S.C. § 215(a)(3) and/or 29 U.S.C. § 218(c).

20. Noel is entitled to liquidated damages of double the amount of actual damages under 29 U.S.C. § 216(b).

21. As a result of CRANE TRANSPORT'S wrongful, retaliatory discharge, Noel is entitled to recover compensatory damages for unpaid wages, lost future earnings and benefits, liquidated damages under 29 U.S.C. § 216(b), and punitive damages.

22. As a result of CRANE TRANSPORT'S wrongful retaliatory discharge, Noel suffered severe emotional distress.

23. In connection with wrongfully discharging Noel and/or its numerous violations of the FLSA, CRANE TRANSPORT consciously disregarded Noel's rights under the FLSA and for timely payment of wages for all worked hours under A.R.S. 25-355, acting maliciously with an "evil hand" and an "evil mind," satisfying the requisite state of mind for imposition of punitive damages under federal and/or Arizona standards.

24. CRANE TRANSPORT implemented its policies in violation of the FLSA primarily to further its economic self-interest in disregard of Noel and similarly situated employees' rights.

25. Noel is entitled to recover his attorneys' fees and costs incurred under 29 U.S.C. § 216(b) and/or other applicable statutes and law.

WHEREFORE, Noel demands judgment as prayed for herein.

**COUNT THREE**
**UNPAID WAGES UNDER A.R.S. § 12-355**

26. Noel incorporates the foregoing allegations as though said allegations were fully set forth herein.

27. CRANE TRANSPORT failed to pay Noel all of the wages due for all time worked, contrary to the FLSA and A.R.S. § 12-355.

28. Noel is entitled to judgment against CRANE TRANSPORT in an amount that is treble the amount of the unpaid wages.

WHEREFORE, Noel demands judgment against Defendant as prayed for herein.

WHEREFORE, Noel prays for the following relief:

A. Compensatory damages under the FLSA for all wages that should have been paid for time worked but was not;

B. Compensatory damages for all overtime pay that should have been paid but was not;

C. Damages for lost earnings and benefits resulting from the wrongful discharge under 29 U.S.C. §§ 215(a)(3), 218;

D. Emotional distress damages resulting from the wrongful discharge in violation of 29 U.S.C. § 215(a)(3), 218;

E.   Punitive damages in an amount sufficient to punish CRANE TRANSPORT and deter future violations;

F.   Attorney's fees and costs incurred, pursuant to 29 U.S.C. § 216(b) and other applicable statutes and law.

G.   For such other and further relief as the Court deems just and proper.

Dated this   day of January, 2016.

Mark E. Chadwick
MUNGER CHADWICK, P.L.C.
National Bank Plaza
333 North Wilmot, Suite 300
Tucson, Arizona 85711


By:   /s/ Mark E. Chadwick.
        Mark E. Chadwick
        Attorney for Plaintiff